IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civ. No. 05-1354-T/An |
| VS. | ) | Crim. No. 98-10045-T |
| | ) | |
| REGINALD BOXLEY, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255
ORDER DENYING CERTIFICATE OF APPEALABILITY
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Defendant Reginald Boxley, Bureau of Prisons inmate registration number 71875-004, an inmate at the United States Penitentiary in Beaumont, Texas, filed a *pro se* motion pursuant to 28 U.S.C. § 2255 on November 16, 2005, along with a legal memorandum.[1]

On November 16, 1998, a federal grand jury returned a single-count indictment charging Boxley with possession of 71 grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Boxley was not arrested for more than three years. The case proceeded to trial on July 8, 2002 and, on July 10, 2002, the jury returned a guilty verdict. The Court conducted a sentencing hearing on November 8, 2002, at which time

---

[1] Although the defendant also submitted an *in forma pauperis* affidavit, that motion is DENIED as unnecessary, as there is no filing fee for § 2255 motions.

Boxley was sentenced as a career offender to 360 months imprisonment, to be followed by a five-year period of supervised release.[2] Judgment was entered on November 13, 2002. The United States Court of Appeals for the Sixth Circuit affirmed. United States v. Boxley, 373 F.3d 759 (6th Cir. 2004), *cert. denied*, 543 U.S. 972 (2004).

On November 16, 2005, Boxley filed a motion pursuant to 28 U.S.C. § 2255 in which he raised the following issues:

1. Whether the Court abused its power at trial and at sentencing;

2. Whether the sentence imposed is unconstitutional in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005); and

3. Whether trial counsel rendered ineffective assistance, in violation of the Sixth Amendment.

The defendant's memorandum does not precisely track the issues raised in the motion but, instead, challenges the sufficiency of the evidence to support his conviction and argues that the determination that he is a career offender is invalid in light of Booker. The memorandum does not set forth the specific acts or omissions by trial counsel that form the basis for the ineffective assistance claim.

The first issue to be considered is the timeliness of this motion. Paragraph 6 of 28

---

[2] Pursuant to § 2D1.1(c)(4) of the United States Sentencing Guidelines, the base offense level for 71 grams of cocaine base is 27. The Court imposed a two-point enhancement, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice but, because Boxley was deemed a career offender, this enhancement had no effect on his sentence. Because Boxley had at least two prior convictions for either a crime of violence or a controlled substance offense, he was eligible to be sentenced as a career offender pursuant to 4B1.1. The statutory offense maximum for 71 grams of cocaine base is life imprisonment, 21 U.S.C. § 841(b)(1)(A)(iii), and, therefore, Boxley's offense level was 37. A career offender's criminal history category is always VI. Given that criminal history category, the guidelines called for a sentencing range of 360 months – life.

U.S.C. § 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." Johnson v. United States, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). In this case, the Supreme Court denied certiorari on November 1, 2005. The defendant's motion was signed on November 8, 2005 and, even if the motion were deemed to have been filed on that date, Houston v. Lack, 487 U.S. 266 (1988); Miller v. Collins, 305 F.3d 491,497-98 & n. 8 (6th Cir. 2002); Towns v. United States, 190 F.3d 468, 469 (6th Cir.

1999) (§ 2255 motion), it would be time barred.[3]

It is also necessary to consider whether the limitations period is subject to equitable tolling in this case. In Dunlap v. United States, 250 F.3d 1001, 1004 (6th Cir. 2001), the Sixth Circuit held that the one-year limitations period applicable to § 2255 motions is a statute of limitations subject to equitable tolling. Five factors are relevant to determining the appropriateness of equitably tolling a statute of limitations:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive notice of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Id. at 1008.[4]

The Sixth Circuit has stated that "equitable tolling relief should be granted only sparingly." Amini v. Oberlin College, 259 F.3d 493, 500 (6th 2001); see also Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003); Jurado v. Burt, 337 F.3d 638, 642 (6th Cir. 2003).

---

[3] Section 2244(d)(1) provides that the limitations period begins to run from the latest of the four specified circumstances. Boxley's complaints about the sufficiency of the evidence were plainly available to him when his conviction became final. As for Boxley's Booker claims, he presumably would contend that the third subsection is applicable here, and that the limitations period on those issues began running on "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In Tyler v. Cain, 533 U.S. 656, 662 (2001), the Supreme Court held that a new rule is "made retroactive to cases on collateral review" only if the Supreme Court holds it to be so. Because the Supreme Court did not hold that the rule in Booker is retroactively applicable to cases on collateral review, the third subsection is inapplicable and, therefore, the limitations period for all issues began to run when Boxley's conviction became final. See also Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005) (Booker not applicable to defendants whose convictions were final at the time the opinion was handed down).

[4] This five-factor standard is identical to the test used to determine whether equitable tolling is appropriate in other contexts, including employment discrimination cases. Amini v. Oberlin College, 259 F.3d 493, 500 (6th Cir. 2001) (citing Dunlap); Truitt v. County of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

Graham-Humphreys v. Memphis Brooks Museum, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000); see also King v. United States, 63 Fed. Appx. 793, 795 (6th Cir. Mar. 27, 2003); Johnson v. U.S. Postal Serv., No. 86-2189, 1988 WL 122962 (6th Cir. Nov. 16, 1988) (refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Thus, ignorance of the law by *pro se* litigants does not toll the limitations period. Price v. Jamrog, 79 Fed. Appx. 110, 112 (6th Cir. Oct. 23, 2003); Harrison v. I.M.S., 56 Fed. Appx. 682, 685-86 (6th Cir. Jan. 22, 2003); Miller v. Cason, 49 Fed. Appx. 495, 497 (6th Cir. Sept. 27, 2002) ("Miller's lack of knowledge of the law does not excuse his failure to timely file a habeas corpus petition."); Brown v. United States, 20 Fed. Appx. 373, 374 (6th Cir. Sept. 21, 2001) ("Ignorance of the limitations period does not toll the limitations period."); cf. Jurado, 337 F.3d at 644-45 (lawyer's mistake is not a proper basis for equitable tolling).[5]

In this case, Boxley makes no argument that he is entitled to equitable tolling. Accordingly, the motion is time-barred, and Boxley is not entitled to equitable tolling.

Even if Boxley's motion were timely, his Booker claims would still be subject to dismissal. "As a general rule, new constitutional decisions are not applied retroactively to

---

[5] See also Cobas v. Burgess, 306 F.3d 441 (6th Cir. 2002) ("Since a petitioner does not have a right to assistance of counsel on a habeas appeal . . . , and because an inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations . . . , we are loath to impose any standards of competency on the English language translator utilized by the non-English speaking habeas petitioner.").

cases that were finalized prior to a new Supreme Court decision." Goode v. United States, 305 F.3d 378, 383 (6th Cir. 2002); see Schriro v. Summerlin, 542 U.S. 348, 351-58 (2004) (holding that decision in Ring v. Arizona, which held that a sentencing judge in a capital case may not find an aggravating factor necessary for imposition of the death penalty, and that the Sixth Amendment requires that those circumstances be found by a jury, does not apply retroactively to cases on collateral review); Teague v. Lane, 489 U.S. 288 (1989). Applying these standards, the Sixth Circuit has held that Booker issues cannot be raised in an initial motion pursuant to 28 U.S.C. § 2255. Humphress v. United States, 398 F.3d 855, 860-63 (6th Cir. 2005). Accordingly, Boxley's Booker claims are without merit and are dismissed.

The motion, together with the files and record in this case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see also Rule 4(b), Rules Governing § 2255 Proceedings. Therefore, the Court finds that a response is not required from the United States Attorney and that the motion may be resolved without an evidentiary hearing. United States v. Johnson, 327 U.S. 106, 111 (1946); Baker v. United States, 781 F.2d 85, 92 (6th Cir. 1986). Defendant's conviction and sentence are valid; therefore, his motion is DENIED.

Consideration must also be given to issues that may occur if the defendant files a notice of appeal. Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v.

Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997) (district judges may issue certificates of appealability under the AEDPA). No § 2255 movant may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'" Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court recently cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require a showing that the appeal will succeed. Accordingly, a court of appeals should not decline the application of a COA merely because it believes the applicant will not demonstrate an entitlement to relief. The holding in Slack would mean very little if appellate review were denied because the prisoner did not convince a judge, or, for that matter, three judges, that he or she would prevail. It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot, 463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more than the absence of frivolity'" or the existence of mere "good faith" on his or her part. . . . We do not require petitioners to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail.

7

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342 (cautioning courts against conflating their analysis of the merits with the decision of whether to issue a COA: "The question is the debatability of the underlying constitutional claim, not the resolution of that debate.").[6]

In this case, the defendant's claims are clearly time-barred and not cognizable in a § 2255 motion and, therefore, he cannot present a question of some substance about which reasonable jurists could differ. The Court therefore DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2255 motions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal *in forma pauperis* in a § 2255 case, and thereby avoid the appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, the prisoner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952.[7] Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the defendant must file his motion to proceed *in forma pauperis* in the appellate court. See Fed. R. App. P. 24(a) (4)-(5).

---

[6] By the same token, the Supreme Court also emphasized that "[o]ur holding should not be misconstrued as directing that a COA always must issue." Miller-El, 537 U.S. at 337. Instead, the COA requirement implements a system of "differential treatment of those appeals deserving of attention from those that plainly do not." Id.

[7] The current $255 appellate filing fee will increase to $455 effective April 9, 2006.

8

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter is not taken in good faith. Therefore, leave to appeal *in forma pauperis* is DENIED. Accordingly, if movant files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[8]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[8] The notice of appeal itself must be filed in this Cour; a motion to proceed *in forma pauperis* should then be filed in the Sixth Circuit Court of Appeals.